UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles Tingler,  Case No. 1:20-cv-2662
      Petitioner

v.  MEMORANDUM OPINION
AND ORDER

Kimberley Clipper,

      Respondent

*Pro se* Petitioner Charles Tingler has a Petition for a Writ of *Habeas Corpus* Under 28 U.S.C. § 2241. (Doc. No. 1.) In his Petition, he challenges sanctions, including incarceration, imposed on him by the Ohio Parole Board for post release control violations. He seeks "immediate release" and to further prevent the Ohio Parole Board from issuing sanctions against him. (*Id.* at 8.) With his Petition, he has filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. For the reasons stated below, however, his Petition is dismissed.

Federal courts conduct initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

The Petition must be dismissed in accordance with Rule 4.

First, as a preliminary matter, Petitioner's claims are properly asserted under 28 U.S.C. § 2254 instead of § 2241. The Sixth Circuit has held that "regardless of the label on the statutory underpinning for [a] petition, *habeas* petitions of state prisoners are governed by 28 U.S.C. § 2254." *Bryd v. Bagley*, 37 Fed. App'x 94, 95 (6th Cir. 2002). Section 2254 applies in post-trial situations where a petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Section 2241 can be used when a person is in *pretrial* state custody. *See Atkins v. People of State of Mich.*, 644 F.2d 543, 546, n. 1 (6th Cir. 1981). But Petitioner does not contend he is a pretrial detainee.

Further, regardless of whether his Petition is properly brought under § 2254 or § 2241, his Petition must be dismissed because he has not demonstrated he has exhausted state remedies with respect to his claims. Before a federal *habeas* court may grant *habeas corpus* relief, a state prisoner must exhaust his available state court remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a *habeas* petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254 (b), (c).

Here, Petitioner has not demonstrated he has exhausted state remedies as to his claims regarding the sanctions imposed on him by the Ohio Parole Board. Such remedies exist and must be exhausted before Petitioner may seek federal *habeas corpus* relief. *See, e.g., Brewer v. Dahlberg*, 942 F.2d 328, 337-40 (6th Cir. 1991) (a *habeas corpus* action in the Ohio courts can be used to challenge actions taken by the Parole Authority when they result in a person being confined after jurisdiction over him has expired); *Drane v. Warden, Corrections Reception Center*, No. 2: 18 CV 126, 2018 WL 1562017 (S.D. Ohio Mar. 30, 2018) (adopting Report and Recommendation recommending that petition of Ohio prisoner challenging sanctions imposed on him for violating terms of his post-control release control be dismissed as unexhausted).

## Conclusion

For the reasons stated above, the Petition in this matter is dismissed without prejudice as unexhausted. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge